UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SOLOMON J. VERDIN, JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-4513** |
| **TIMOTHY SOIGNET, ET AL.** | **SECTION: "I"(5)** |

## REPORT AND RECOMMENDATION

Before the Court is the Motion to Dismiss Plaintiff's Complaint Pursuant to FRCP 12(b)(6) for Failure to State a Claim (rec. doc. 17) filed by Defendant Richard Pete Neal. The District Court referred the motion to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B). (Rec. doc. 25). Plaintiff has filed no opposition to the motion to dismiss. Having reviewed the pleadings and the case law, the Court recommends as follows.

### I.  Background

On November 9, 2022, Plaintiff filed this lawsuit under 42 U.S.C. § 1983 against, *inter alia*, Defendant Richard Pete Neal, alleging that Neal is the medical supervisor at the Terrebonne Parish Criminal Justice Complex ("TPCJC"), where Plaintiff was incarcerated. Having reviewed Plaintiff's complaint, the Court finds only a single reference to Neal, as outlined below.

In late 2022, Plaintiff contends that he was involved in a physical confrontation during which his "facial cheekbone was shattered/fractured. . . ." (Rec. doc. 1 at 7). Plaintiff then alleges that

> . . . out of retaliation Terrebonne Parish Jail Medical Supervisor Richard Pete Neal gave/authorized Warden Rhonda Ledet at the Terrebonne Justice

>Complex transfer me without the medical follow-up for my fractured facial cheek bone even with pending criminal charges . . . .

(*Id.*). These are the extent of the allegations against Neal, who now moves to dismiss any claims against him for failure to state a claim.

## II. Standard: Motion to Dismiss Pursuant to Rule 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. Such a motion is viewed with disfavor and is therefore rarely granted. *See Lowrey v. Tex. A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997) (quoting *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982)).

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing Fed. R. Civ. P. 8). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

In considering a Rule 12(b)(6) motion, the Court "accept[s] all well-pleaded facts as true and view[s] all facts in the light most favorable to the plaintiff." *See Thompson v. City of Waco, Tex.*, 764 F.3d 500, 502 (5th Cir. 2014) (citing *Doe ex rel. Magee v. Covington Cnty. Sch. Dist. ex rel. Keys*, 675 F.3d 849, 854 (5th Cir. 2012) (en banc)). But in deciding whether dismissal is warranted the Court will not accept conclusory allegations in the complaint as true. *Id.* at 502-03 (citing *Iqbal*, 556 U.S. at 678).

To survive dismissal, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (citations and footnote omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."). This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 678 (internal quotations omitted) (citing *Twombly*, 550 U.S. at 557). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief,'" thus, "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (alteration in original) (citation omitted).

Finally, "[w]hen reviewing a motion to dismiss, a district court 'must consider the complaint in its entirety, as well as other sources ordinarily examined when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308,

322 (2007)). If the Court considers materials outside of the pleadings, the motion to dismiss must be treated as a motion for summary judgment under Rule 56. *See Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004); *Phoenix on behalf of S.W. v. Lafourche Par. Gov't*, No. CV 19-13004, 2021 WL 184909, at *3-4 (E.D. La. Jan. 19, 2021); *see also* Fed. R. Civ. P. 12(d).

### III.     Law and Analysis

Plaintiff's claim against Neal, the medical supervisor at the TPCJC, appears to arise from Neal's transfer of Plaintiff to another correctional facility without conducting the necessary medical follow-up of Plaintiff's cheekbone. Should Plaintiff successfully plead the elements of such a claim, it would amount to a claim for deliberate indifference to his serious medical needs under Section 1983.[1]

The Constitutional rights of an incarcerated person, regardless of whether he is a pretrial detainee or a convicted prisoner, are violated ***only*** if his serious medical needs are met with deliberate indifference on the part of penal authorities. *See Thompson v. Upshur County, Tex.*, 245 F.3d 447, 457 (5th Cir. 2001); *Harris v. Hegmann*, 198 F.3d 153, 159 (5th Cir. 1999); *Henry v. Higgins*, No. Civ. A. 12-1886, 2013 WL 1694864, at *2 (E.D. La. Apr. 18, 2013). "A serious medical need is one for which treatment has been recommended or for which the need is so apparent that even laymen would recognize that care is required." *Gobert v. Caldwell*, 463 F.3d 339, 345 n.12 (5th Cir. 2006). In his motion to dismiss, Neal

---

[1] Neal raises other arguments in his motion, but since this Court finds the issue of deliberate indifference dispositive as to Plaintiff's claim, it need not consider them.

argues that Plaintiff's needs were not met with "deliberate indifference." For the following reasons, it is beyond peradventure that Neal is correct on that point.

As to the "deliberate indifference" requirement, the United States Fifth Circuit Court of Appeals has explained:

> Deliberate indifference is an extremely high standard to meet. It is indisputable that an incorrect diagnosis by prison medical personnel does not suffice to state a claim for deliberate indifference. Rather, the plaintiff must show that officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs. Furthermore, the decision whether to provide additional treatment is a classic example of a matter for medical judgment. And, the failure to alleviate a significant risk that the official should have perceived, but did not is insufficient to show deliberate indifference.

*Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001) (quotation marks, brackets, and citations omitted). "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997); *see also Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir. 1999).

An inmate is not guaranteed optimal medical care. *See Gobert*, 463 F.3d at 349 ("[D]eliberate indifference exists wholly independent of an optimal standard of care."). On the contrary, the Constitution does not require even that an inmate's medical care be free from negligence or medical malpractice. *Id.* at 346 ("Unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference. . . ."); *Hall v. Thomas*, 190 F.3d 693, 697-98 (5th Cir. 1999); *see also Kelly v. Gusman*, Civ. A. No. 07-611,

5

2007 WL 2007992, at *4 (E.D. La. July 5, 2007); *Cerna v. Tex. Tech Med. Staff*, No. 2:03-CV-0322, 2004 WL 42602, at *2 (N.D. Tex. Jan. 7, 2004).

Simply put, absent exceptional circumstances, an inmate's disagreement with his medical treatment does not constitute deliberate indifference. *Gobert*, 463 F.3d at 346. For example, "the question of whether . . . additional . . . forms of treatment [are] indicated is a classic example of a matter for medical judgment." *Estelle v. Gamble*, 429 U.S. 97, 107 (1976). Generally, such matters of professional medical judgment are better left to the medical expertise of physicians rather than to the legal expertise of judges. *Henry*, 2013 WL 1694864, at *3-4. Federal courts are therefore loath to second-guess such medical decisions in federal civil rights actions. *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976) ("Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law."); *Castro v. Louisiana*, Civ. A. No. 08-4248, 2008 WL 5169401, at *4 (E.D. La. Dec. 8, 2008) ("[M]edical judgments are not to be lightly second-guessed in a federal civil rights action."). The Court finds that there is no basis whatsoever to engage in such second-guessing here.

Plaintiff's only allegation here against Neal is that Neal authorized his transfer to another correctional facility before conducting a follow-up on Plaintiff's cheekbone. There is no allegation that Neal knew of and/or disregarded an excessive risk to Plaintiff's safety. *Estelle*, 429 U.S. at 104. Plaintiff received medical treatment after he sustained the fractured cheekbone at the Leonard J. Chabert Medical Center in Houma, Louisiana. (Rec. doc. 1 at 7). There is no allegation in Plaintiff's complaint that Neal failed to treat his cheekbone. Indeed,

Plaintiff details the attentive treatment that he received at the medical center after he injured his cheekbone. (Rec. doc. 1 at 7). There is no allegation that Neal ever ignored Plaintiff's injured cheekbone. Whether to transfer Plaintiff when he had an injured cheekbone was a matter of medical judgment, best left to a trained doctor and not to a court with no medical expertise. Disagreement with the timing or type of medical treatment received does not constitute deliberate indifference. *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991). In actuality, Plaintiff's main complaint concerns the treatment that he received at the transfer facility, Richland Parish Detention Center,[2] but Neal is not involved with any medical treatment other than at the TPCJC. The one bare-bones allegation against Neal demonstrates no wanton disregard for Plaintiff's medical needs and thus does not rise to the level of deliberate indifference.

## IV.   Conclusion

For the foregoing reasons,

**IT IS RECOMMENDED** that the Motion to Dismiss Plaintiff's Complaint Pursuant to FRCP 12(b)(6) for Failure to State a Claim (rec. doc. 17) filed by Defendant Richard Pete Neal be **GRANTED**, and Plaintiff's claims against Richard Pete Neal be **DISMISSED WITH PREJUDICE**.

## NOTICE OF RIGHT TO OBJECT

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14

---

[2] Plaintiff is currently incarcerated at the Allen Correctional Center in Kinder, Louisiana.

7

days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 24th day of April, 2023.

_____
**MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE**