UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**SOLOMON JOSEPH VERDIN, JR.**   CIVIL ACTION

**VERSUS**   NO. 22-4513

**TIMOTHY SOIGNET, ET AL**   SECTION: "P" (5)

**ORDER**

Before the Court is *pro se* Plaintiff Solomon Joseph Verdin, Jr.'s Motion for Default Judgment (Doc. 42). Plaintiff asks this Court to enter a default judgment against Defendants Kendra Vaughn and Kilee Miller on the basis that they have failed to plead or otherwise respond to the Complaint within the required time period. For the following reasons, the motion is **DENIED**.

**PROCEDURAL BACKGROUND**

On November 9, 2022, Plaintiff filed the instant action pursuant to 42 U.S.C. § 1983, naming multiple defendants, including Kendra Vaughn and Kilee Miller.[1] Defendants Vaughn and Miller were served on January 6, 2023.[2] Nearly six months later, on June 8, 2023, Plaintiff filed the instant motion, and that same day, Defendants Vaughn and Miller filed into the record a joint "Invocation of the Defense of Qualified Immunity, Affirmative Defenses, Answer to Plaintiff's Complaint."[3]

**LAW AND ANALYSIS**

Under Federal Rule of Civil Procedure 55(b), a default judgment may be entered against a party when it fails to plead or otherwise respond to a complaint within the required time period.[4]

---

[1] Doc. 1.
[2] Docs. 21, 22.
[3] *See* Docs. 42, 43.
[4] FED. R. CIV. P. 55(b).

A plaintiff who seeks a default judgment against an unresponsive defendant must proceed through two steps. First, the plaintiff must petition the court for the entry of default, which is simply "a notation of the party's default on the clerk's record of the case."[5] Before the clerk may enter the default, the plaintiff must show "by affidavit or otherwise" that the defendant "has failed to plead or otherwise defend."[6] After the defendant's default has been entered, the plaintiff may move for a default judgment.[7]

Plaintiff moves this Court to enter a default judgment against Defendants Vaughn and Miller, but Plaintiff did not first seek an entry of default. The Fifth Circuit has instructed district courts to give *pro se* papers "a liberal construction."[8] But *pro se* litigants are not exempt from compliance with relevant rules of procedural and substantive law.[9]

Plaintiff's motion clearly seeks default judgment, not an entry of default, as Plaintiff references certain requirements for entering default judgment under Federal Rule of Civil Procedure 55(b)[10] and "leaves it in the discretion of this [H]onorable Court the determination of the amount of [sic] sum plaintiff shall be awarded."[11] Because default judgment can only be entered after an entry of default, Plaintiff's motion must be denied.[12]

Even if this Court were to construe Plaintiff's motion as a motion for entry of default, it would likewise be denied. Rule 55(a) permits the Clerk of Court to enter a default against a party

---

[5] *Dow Chem. Pac. Ltd. v. Rascator Mar. S.A.*, 782 F.2d 329, 335 (2d Cir. 1986).
[6] FED. R. CIV. P. 55(a).
[7] *Meyer v. Bayles*, 559 F. App'x 312, 313 (5th Cir. 2014) (per curiam).
[8] *Brown v. Sudduth*, 675 F.3d 472, 477 (5th Cir. 2012).
[9] *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981); *Beard v. Experian Info. Sols. Inc.*, 214 F. App'x 459, 462 (5th Cir. 2007).
[10] *See* Doc. 42 at 2 (alleging "Defendants . . . ha[ve] not appeared or answered" and "are not known to be a minor or incompetent person…").
[11] *Id.*
[12] *See New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996) ("An *entry of default* is what the clerk enters when the default is established by affidavit or otherwise. Fed. R. Civ. P. 55(a). After defendant's default has been entered, plaintiff may apply for a judgment based on such default. This is a *default judgment*.") (emphasis in original).

who "has failed to plead or otherwise defend." Because Defendants Vaughn and Miller have filed an answer, an entry of default would be improper.

## CONCLUSION

For the foregoing reasons, *pro se* Plaintiff Solomon Joseph Verdin, Jr.'s Motion for Default Judgment (Doc. 42) is **DENIED**.

New Orleans, Louisiana, this 2nd day of August, 2023.

*[Signature]*
**DARREL JAMES PAPILLION**
**UNITED STATES DISTRICT JUDGE**