UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SOLOMON JOSEPH VERDIN, JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-4513** |
| **TIMOTHY SOIGNET, ET AL** | **SECTION: "P" (5)** |

## ORDER AND REASONS

Before the Court is pro se Plaintiff Solomon Joseph Verdin, Jr.'s motion, titled "Motion for Summary Judgment 'Governed by La. C.C.P. Art. 966.'"[1]  Pro se filings must be construed liberally and reviewed less stringently than those drafted by attorneys.[2]  For this reason, the Court construes Plaintiff's motion as a motion for summary judgment that is governed by Federal Rule of Civil Procedure 56.  Plaintiff's motion, however, does not comply with the Federal Rules of Civil Procedure or this Court's Local Rules governing motions for summary judgment.  And despite his pro se status, Plaintiff is not exempt "from compliance with relevant rules of procedural and substantive law."[3]

> Rule 56(a) of the Federal Rules of Civil Procedure states,
>
> A party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.[4]

And Local Rule 56.1 of the Local Civil Rules for the United States District Court for the Eastern District of Louisiana requires "[e]very motion for summary judgment . . . be accompanied by a

---

[1] R. Doc. 65.
[2] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).
[3] *Hulsey v. Tex.*, 929 F.2d 168, 171 (5th Cir. 1991).
[4] FED. R. CIV. P. 56(a).

separate and concise statement of material facts which the moving party contends present no genuine issue."[5]

The motion filed by Plaintiff seeks summary judgment in his favor, but it does not identify the claims on which summary judgment is sought and it is not accompanied by a statement of material facts Plaintiff contends present no genuine issue.  At most, Plaintiff states that after a review of his medical records from Richland Parish Detention Center "it'll be highly discovered that no deposition nor any other documents [are] needed" and that he has "respectable and legal grounds for summary judgment for part of the relief for which he has prayed," namely to be "fairly compensated . . . for the pain and financial and mental stress and possibly surgery to place [his] bite back on track."[6]  Thus, even if this Court was lenient in its requirement that Plaintiff comply with the local rule to provide a *separate* statement of material facts, the Court finds Plaintiff would still not be entitled to summary judgment at this juncture because he has not identified the claims for which he seeks summary judgment nor has he stated, or pointed to, any facts in particular that support his claim(s).

For these reasons, **IT IS ORDERED** that pro se Plaintiff Solomon Joseph Verdin, Jr.'s motion, titled "Motion for Summary Judgment 'Governed by La. C.C.P. Art. 966'" (R. Doc. 65) is **DENIED**.  Any future motions for summary judgment must comply with the rules stated herein.

New Orleans, Louisiana this 22nd day of April 2024.

                **DARREL JAMES PAPILLION**
                **UNITED STATES DISTRICT JUDGE**

---

[5] L.R. 56.1.
[6] R. Doc. 65 at 1–2.